E-FILED
Tuesday, 23 February, 2016  03:51:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD GARSKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  16-1023 |
| | ) |
| DANIEL CONN, *et al.*, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated in the Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that, before entering the Illinois Department of Corrections (IDOC), his primary care physicians diagnosed him as suffering from various maladies, including COPD, acid reflux, sleep apnea, and heart disease. The plaintiff alleges that Dr. Carusco, Dr. Ojelade, and Dr. Tilden are not treating him for his conditions. The plaintiff also alleges that the medical providers are not giving him his heart medication or proper medication for his acid reflux. Moreover, the plaintiff claims that the doctors will only provide him with a CPAP machine for his sleep apnea if he pays for it himself.

The plaintiff's complaint states a claim against Dr. Carusco, Dr. Ojelade, and Dr. Tilden for deliberate indifference to his serious medical need in violation of his Eighth Amendment's rights based upon his allegation that they are deliberately failing to treat his medical conditions properly and are failing to provide his needed medication on a regular basis.

The plaintiff names John Baldwin, Guy Pierce, Randy Pfister, Sharon Simpson, Jacqline Alverado and Sherry Benton as defendants but fails to allege any direct allegations against them in his complaint. He appears to be suing them either because they are IDOC or Pontiac officials

or because they have denied his grievances. In either case, the plaintiff's complaint fails to state a claim against those defendants, and they will be dismissed. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010)(holding that a plaintiff may not rely upon *respondeat superior* in a 1983 case to impose liability); *Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982)(director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene); *Taylor v. Gaetz*, 2011 WL 663438, * 3 (S.D. Ill. Feb. 14, 2011)("a plaintiff fails to state a claim upon which relief can be granted where he alleges simply that he disagrees with the outcome of a grievance.").

    IT IS THEREFORE ORDERED:

    1.    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states An Eighth Amendment claim for deliberate indifference to a serious medical need against defendant doctors, Ojelade, Carusco, and Tilden. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2.    This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

    3.    The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

    4.    With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

    5.    The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

    6.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense

counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      7.     Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

      8.     The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      9.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      10.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      11.    The clerk is directed to terminate John Baldwin, Guy Pierce, Randy Pfister, Sharon Simpson, Jacqline Alverado, and Sherry Benton as defendants.

      12.    The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

      13.    Plaintiff's motion for counsel is denied [5], with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

      Entered this 23rd day of February, 2015.

      /s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE